IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR 11 1994

| | |
|---|---|
| LAND AND LAKES CO. and STONY ISLAND RECLAMATION CO., ) ) ) Plaintiffs, ) ) v. ) ) HENRY L. HENDERSON and the CITY OF CHICAGO, ) ) ) Defendants. ) | No. 94 C 1815<br><br>Judge Suzanne B. Conlon |

### MEMORANDUM OPINION AND ORDER

Land and Lakes Co. and Stony Island Reclamation Co. (collectively "the plaintiffs") sue Henry Henderson, Commissioner of the Chicago Department of Environment, and the City of Chicago (collectively "the defendants") in a case that has been removed from the Circuit Court of Cook County, Illinois. The plaintiffs sue because of the defendants' refusal to award the plaintiffs a landfill operating permit. The parties have briefed the issue whether this court should exercise its discretion to retain jurisdiction under 28 U.S.C. § 1441(c).

### BACKGROUND

The plaintiffs own and operate a sanitary landfill on the South Side of Chicago ("the landfill").[1] The plaintiffs have operated the landfill for over twelve years on a 53 acre tract. The plaintiffs have developed an expansion of the landfill on a

---

[1] Stony Island Reclamation Co. owns the property; Land and Lakes Co. leases the property and operates the landfill. For clarity, this opinion refers to the plaintiffs as if they own and operate the landfill jointly.

No. 94 c 1815                    -2-

27 acre tract contiguous to the original landfill ("phase II"). However, when the plaintiffs applied for a permit to operate the landfill on phase II, the defendants denied them an operating permit.

The plaintiffs claim that the defendants erroneously rejected the permit application for phase II. Specifically, the plaintiffs contend that the defendants have misconstrued the City of Chicago's Environmental Control Ordinance, which established a moratorium on the creation of new sanitary landfills and the expansion of existing landfills ("the moratorium"). The plaintiffs assert that a 1982 decision by the city's Zoning Board of Appeals designated phase II for use as a landfill and thus exempted phase II from the moratorium.

The plaintiffs filed a six-count complaint in the Circuit Court of Cook County. The plaintiffs sought declaratory and injunctive relief that the moratorium does not apply to phase II. In addition, the plaintiffs sought a declaration that the denial of the permit for phase II violated the Illinois Environmental Protection Act ("the IEPA act") and the federal constitution.

The defendants removed the suit to this court pursuant to 28 U.S.C. § 1441(a).[2] The plaintiffs moved to amend their complaint, conditioned on remand. The plaintiffs sought to eliminate all of their claims based on federal law in order to defeat federal jurisdiction. The court has already ruled that

---

[2] The case was initially assigned to Judge Plunkett. However, Judge Plunkett recused himself, and the case was reassigned to this court.

No. 94 C 1815     -3-

the existence of federal jurisdiction must be determined at the time of removal. See Transcript of Proceedings, No. 94 C 1815 (N.D. Ill. Mar. 29, 1994) at 2-4. However, the court noted that the case nevertheless may be remanded pursuant to 28 U.S.C. § 1441(c) if it finds that state law issues predominate. Id. at 7. The court has limited argument to whether state law claims predominate and whether the court nonetheless should retain jurisdiction. Id.; see also Order, No. 94 C 1815 (N.D. Ill. Mar. 29, 1994).

## DISCUSSION

1. **Motion To Amend**

The plaintiffs may not amend the complaint solely to effectuate remand.³ Federal jurisdiction may not be defeated through the amendment of a complaint and the deletion of federal claims. In Hammond v. Terminal R.R. Ass'n of St. Louis, 848 F.2d 95, 97 (7th Cir. 1988), cert. denied, 489 U.S. 1032 (1989), the Seventh Circuit held that:

> The defendant's right to remove a case from state to federal court depends on the complaint filed by the plaintiff in state court. If that complaint states a claim that is removable, . . . removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim or stating a claim that is not removable.

Similarly, in Nolan v. Boeing Co., 919 F.2d 1058, 1063 (5th Cir.

---

³Indeed, as discussed above, the court already has ruled in open court that a complaint may not be amended to defeat federal jurisdiction. See Tr. at 2-4. However, in their reply brief, the plaintiffs renew their arguments in favor of amending the complaint. Accordingly, the court readdresses this issue.

No. 94 c 1815                               -4-

1990), cert. denied, 111 S. Ct. 1587 (1991), the Fifth Circuit ruled that federal subject matter jurisdiction is determined at time of removal. Accord Magerer v. John Sexton & Co., 912 F.2d 525 (1st Cir. 1990). Once a case is removed, a party may not manipulate jurisdiction by amending the complaint.

The plaintiffs' reliance upon Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988) is misplaced. In Carnegie-Mellon, the Supreme Court ruled that when all federal claims are voluntarily dismissed, a suit may be remanded -- rather than dismissed -- even though the federal remand statute does not expressly permit remand in such a situation. See Carnegie-Mellon, 484 U.S. at 350-51. Carnegie-Mellon is not on point. In Carnegie-Mellon, the plaintiffs dismissed their federal claims because they no longer believed them to be "tenable." Id. at 346. Thus, the Supreme Court was not faced with the "forum shopping" issue that is implicated by the plaintiffs' motion. In Carnegie-Mellon, the Supreme Court did not pass on the question raised in this case: Whether a party may alter its pleadings to intentionally defeat federal jurisdiction. Under the Seventh Circuit's Hammond decision, which is squarely on point, the plaintiffs may not intentionally defeat the court's jurisdiction.

2.   **Motion To Remand**

Although the plaintiffs may not amend the complaint to defeat federal jurisdiction, the court nevertheless may remand the case to state court. Pursuant to the federal removal statute:

No. 94 c 1815                        -5-

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C. § 1331] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, <u>or, in its discretion, may remand all matters in which State law predominates</u>.

28 U.S.C. § 1441(c) (emphasis added). Thus, if the court determines that State law predominates in this case, it may remand the entire suit -- including the federal claims -- even though the case was properly removed pursuant to 28 U.S.C. § 1441(a). See, e.g., <u>Alexander v. Goldome Credit Corp.</u>, 772 F. Supp. 1217, 1225 (M.D. Ala. 1991) (by using the phrase "all matters" Congress permitted a court to remand the entire case, not just state law claims); <u>Moralez v. Meat Cutters Local 539</u>, 778 F. Supp. 368, 370-71 (W.D. Mich. 1990) (same); <u>see also</u> David D. Siegel, <u>Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act</u>, 133 F.R.D. 61, 78 (1991) (§ 1441(c) must be read broadly to limit the reach of federal jurisdiction).[4]

In <u>Moore v. DeBiase</u>, 766 F. Supp. 1311 (D.N.J. 1991), the plaintiffs stated federal civil rights claims in addition to sixteen counts brought under state law. After the case was

---

[4]Contrary to the plaintiffs' position, this case is not governed by 28 U.S.C. § 1367(c)(2). Under that provision, the court may decline to exercise supplemental jurisdiction over a state law claim that "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367. In this case, the court has already found the removal of all claims to be proper; the question is not whether to exercise supplemental jurisdiction but whether the case should be remanded because state law predominates.

No. 94 c 1815                    -6-

removed to federal court, the district court remanded the suit pursuant to § 1441(c) because it found that "the crux of [the] claims invoke state law." Moore, 766 F. Supp. at 1321. The court noted that the federal claims were also cognizable under state law and thus found "remand of the entire case . . . appropriate." Id. Similarly, in Holland v. World Omni Leasing, Inc., 764 F. Supp. 1442 (N.D. Ala. 1991), the district court remanded a suit that included federal racketeering claims after finding that the federal claims were subsumed by predominating state law claims. See Holland, 764 F. Supp. at 1443. Accordingly, if the court determines that state law predominates in this suit, it may remand the entire case -- including the federal law claims.

State law issues clearly predominate in this matter. The complaint is pleaded in six counts. Counts I and II, which seek declaratory and injunctive relief, call for the court to construe the moratorium and the effect of the Zoning Board of Appeals' 1982 zoning decision. Count III requires the court to interpret the IEPA act and to determine whether the defendants' decision to deny a permit for phase II violated the state statute. These claims are the crux of the complaint: The plaintiffs assert that the defendants violated a city ordinance and a state statute in denying a local zoning permit.

The plaintiffs also assert claims under the federal

No. 94 c 1815 -7-

constitution, but these claims appear to be surplusage.[5] First, all of the federal claims are also cognizable under Illinois' constitution. In addition, the allegations in the complaint suggest that the dispute does not really involve the constitutionality of the defendants' conduct. Rather, the suit tests the defendants' power under state and local law to deny the permits for phase II. The federal claims are not the core of the complaint: The gravamen of this case is whether the defendants were legally justified in rejecting the permit application.[6] This issue is solely grounded in state law.

Policy concerns also weigh in favor of remanding the case. The interests of federalism suggest that it is more appropriate for the Illinois courts to interpret state statutes and local ordinances -- especially in a case of first impression. In addition, remanding the case will conserve judicial resources by permitting the court that has already issued a preliminary injunction to continue to hear the case. Accordingly, it is appropriate to remand the case to state court.

---

[5] In addition, Count VI of the defendants' counterclaim seeks a declaration that the defendants' actions did not violate the federal constitution. This counterclaim is a mirror image of the federal claims in the complaint.

[6] Although it is not dispositive, it is instructive that the plaintiffs sought to dismiss all of the federal constitutional claims. Clearly, if the constitutional counts were integral to the core of the complaint, the plaintiffs would not have contemplated dropping those claims in order to effectuate remand.

No. 94 c 1815 -8-

## CONCLUSION

For the foregoing reasons, this case is remanded to the Circuit Court of Cook County, pursuant to 28 U.S.C. § 1441(c). All pending motions are moot.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 7, 1994